UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JULIUS JACOB LUDWIG,<br><br>Petitioner,<br>v.<br>ISIDRO BACA, *et al.*,<br><br>Respondents. | Case No. 3:18-cv-00361-MMD-CBC<br><br>ORDER |

This *pro se* habeas matter comes before the Court for review of the amended petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and on Petitioner's motions for appointment of counsel and for leave to file additional pages.

The record in this action will reflect that Petitioner has paid the filing fee.[1] (*See* ECF No. 9.)

Turning to Petitioner's motion for appointment of counsel, Petitioner challenges his Nevada state conviction for several counts of possession of stolen property, burglary, and felon in possession of a firearm and his adjudication as a habitual criminal, for which he is serving eleven consecutive sentences of life without the possibility of parole. (ECF No. 6 at 2.) The financial materials submitted establish Petitioner's financial eligibility for appointment of counsel. The Court finds that appointment of counsel is in the interests of justice given, *inter alia*: (1) Petitioner's lengthy sentence consisting of eleven consecutive sentences of life without the possibility of parole and (2) the potential complexity of the issues presented. The motion for appointment of counsel accordingly will be granted.

---

[1] Although no record of the fee having been paid was entered on the docket at the time Petitioner paid the fee or before the Court issued its November 15, 2018 order directing payment, the Clerk's financial records indicate that Petitioner paid the fee on August 30, 2018.

It therefore is ordered that Petitioner's motion for appointment of counsel (ECF No. 1-2) is granted. The appointed counsel will represent Petitioner in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw.

It further is ordered that the Federal Public Defender will be provisionally appointed as counsel and have 30 days to undertake direct representation of Petitioner or to indicate to the Court the office's inability to represent Petitioner in these proceedings. If the Federal Public Defender is unable to represent Petitioner, the Court then will appoint alternate counsel. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance. The Court anticipates setting the deadline for approximately 90 days from entry of the formal order of appointment. Any deadline established, and/or any extension thereof, will not signify any implied finding of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the Court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

It is further ordered that the Respondents may be electronically served with any papers filed through counsel, and that the Clerk add state attorney general Adam P. Laxalt as counsel for Respondents and make informal electronic service of this order upon Respondents by directing a notice of electronic filing to him. Respondents' counsel will enter a notice of appearance within 21 days of entry of this order, but no further response is required from Respondents until further order of the Court.

It is further ordered that Petitioner's motion to include additional pages (ECF No. 7) is granted.

It is further ordered that the Clerk send a copy of this order to the Federal Public Defender and the CJA Coordinator for this division.

| | |
|---|---|
| 1 | DATED THIS 30th day of November 2018. |
| 2 | |
| 3 | _____ |
| | MIRANDA M. DU |
| 4 | UNITED STATES DISTRICT JUDGE |