1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JULIUS JACOB LUDWIG,

Petitioner,

v.

ISIDRO BACA, *et al.*,

Respondents.

Case No. 3:18-cv-00361-MMD-CLB

ORDER

This is a habeas corpus proceeding under 28 U.S.C. § 2254 brought by Petitioner Julius Jacob Ludwig, a person incarcerated in Nevada who is represented by counsel. Currently before the Court is Respondents' Motion to Dismiss (ECF No. 27) ("Motion") certain claims in Ludwig's second amended petition for writ of habeas Corpus (ECF No. 16).[1] For the reasons discussed below, the Motion is granted in part and denied in part.

I.    **BACKGROUND**

   A.    **Procedural History**[2]

Ludwig challenges a 2012 conviction and sentence imposed by the Second Judicial District Court for Washoe County ("state court"). Following a three-day trial, a jury found Ludwig guilty of eight counts of possession of stolen property; two counts of burglary; and one count of possession of a firearm by a convicted felon. (ECF Nos. 19-4, 19-5.) On November 20, 2012, the state court adjudicated Ludwig a habitual offender under NRS § 207.010, and then entered a judgment of conviction sentencing him to 11 concurrent

---

[1]Ludwig has opposed (ECF No. 31) the Motion, and Respondents have replied (ECF No. 36).

[2]This procedural history is derived from the exhibits located at ECF Nos. 17-21, 28, and otherwise on the Court's docket.

1  sentences of life without the possibility of parole. (ECF No. 19-12.)

2  Ludwig appealed his conviction based on theories of a conflict of interest with trial

3  counsel Scott Edwards, unraised suppression claims, and abuse of discretion in

4  sentencing. (ECF No. 20-1.) In April 2014, the Nevada Supreme Court affirmed his

5  conviction and sentence. (ECF No. 20-6.)

6  On May 19, 2014, Ludwig filed a state petition for writ of habeas corpus ("state

7  petition"), seeking post-conviction relief. (ECF No. 20-9.) Ludwig was appointed post-

8  conviction counsel, and filed a supplemental petition with additional claims. (ECF No. 20-

9  14.) Following an evidentiary hearing, the state petition was denied. (ECF No. 21-6.)

10  Ludwig appealed the decision on the basis of ineffective assistance of trial and appellate

11  counsel, and the state court's purported abuse of discretion in dismissing of the state

12  petition. (ECF No. 21-13.) The Nevada Supreme Court affirmed the denial of relief, and a

13  remittitur issued on June 13, 2018. (ECF Nos. 21-16, 21-17.)

14  **B.    Federal Habeas Action**

15  In July 2018, Ludwig initiated this federal habeas proceeding *pro se* and requested

16  counsel. (ECF No. 1-1, 1-2.) This Court later appointed the Federal Public Defender and

17  granted Ludwig leave to amend his petition. (ECF No. 10.) He filed a counseled Second

18  Amended Petition for Writ of Habeas Corpus (ECF No. 16) ("Petition") in May 2019,

19  alleging seven grounds for relief.

20  Respondents have now moved to dismiss Grounds 1, 2, 4(B), 4(C), 5, and 7 of the

21  Petition as unexhausted. Ludwig concedes that all but one of those grounds are

22  unexhausted, but he argues they are technically exhausted and he can overcome the

23  procedural default because his post-conviction counsel was ineffective.

24  **II.   EXHAUSTION REQUIREMENT**

25  A habeas petitioner must first exhaust state court remedies on a claim before

26  presenting that claim to the federal courts. *See* 28 U.S.C. § 2254(b)(1)(A). This exhaustion

27  requirement ensures that the state courts, as a matter of comity, will have the first

28  opportunity to address and correct alleged violations of federal constitutional guarantees.

1    *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991). "A petitioner has exhausted his

2    federal claims when he has fully and fairly presented them to the state courts." *Woods v.*

3    *Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838,

4    844-45 (1999)). To satisfy the exhaustion requirement, a claim must have been raised

5    through one complete round of either direct appeal or collateral proceedings to the highest

6    state court level of review available. *See O'Sullivan*, 526 U.S. at 844-45; *Peterson v.*

7    *Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc). A properly exhausted claim "'must

8    include reference to a specific federal constitutional guarantee, as well as a statement of

9    the facts that entitle the petitioner to relief'." *Woods*, 764 F.3d at 1129 (quoting *Gray v.*

10   *Netherland*, 518 U.S. 152, 162-63 (1996)). Fair presentation therefore requires a petitioner

11   to present the state courts with both the operative facts and the federal legal theory upon

12   which the claim is based. *See Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005).

13   **III.    DISCUSSION**

14        **A.    Ground 7 – Eighth Amendment Claim**

15        Ground 7 is the only claim for which Ludwig argues exhaustion was satisfied in

16   Nevada courts. Ground 7 alleges the "sentencing court violated the Eighth Amendment's

17   prohibition against cruel and unusual punishment when it sentenced Ludwig to 11 life

18   without parole sentences for non-violent property crimes." (ECF No. 16 at 36.)

19        Respondents assert that Ground 7 is unexhausted because Ludwig failed to

20   present it to the state courts as an Eighth Amendment claim. Rather, they contend, on

21   direct appeal, Ludwig argued he should not have been treated as a habitual offender under

22   Nevada law since his offenses were non-violent and he urged the Nevada Supreme Court

23   to overturn its prior decision, *Arajakis v. State*, 108 Nev. 976 (Nev. 1992), which held that

24   the habitual offender statute did not distinguish between violent and non-violent crimes.

25        Ludwig acknowledges that he did not cite the Eighth Amendment in his state court

26   pleadings, but asserts that his claim should be considered exhausted because he argued

27   to Nevada courts that his sentence was excessive. Although he never explicitly invoked

28   the Eighth Amendment by raising an excessive sentence argument—"a logical extension

3

1   is that he was arguing to the state courts his sentence is cruel and unusual in violation of

2   the Eighth Amendment." (ECF No. 31 at 20:3-4.)

3        A federal claim is fairly presented only if the petitioner "alerted the state court that

4   his claims rested on the federal Constitution." *Fields v. Waddington*, 401 F.3d 1018, 1021

5   (9th Cir. 2005). To do so, a petitioner must refer "to provisions of the federal Constitution

6   or must cite either federal or state case law that engages in a federal constitutional

7   analysis." *Id.* Citation to state case law that applies federal constitutional principles will

8   suffice for exhaustion purposes. *See Peterson*, 319 F.3d at 1158. However, the "mere

9   similarity between a claim of state and federal error is insufficient to establish exhaustion."

10  *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (citing *Duncan v. Henry*, 513 U.S.

11  364, 366 (1995)).[3] "Moreover, general appeals to broad constitutional principles, such as

12  due process, equal protection, and the right to a fair trial, are insufficient to establish

13  exhaustion. *Id.* (citing *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996)).

14       Ground 7 does not refer to the United States Constitution, the Eighth Amendment,

15  or "cruel and unusual punishment" in any respect. Although there may be logical

16  comparisons between excessive sentences and cruel and unusual punishment, "mere

17  similarity" between state and federal standards does not suffice to avoid procedural

18  default. *See Peterson*, 319 F.3d at 1159-61. Nothing in Ludwig's appellate brief alerted

19  the Nevada Supreme Court to an Eighth Amendment claim. Ground 7 is unexhausted.

20       **B.    Technical Exhaustion and Anticipatory Default**

21       Ludwig acknowledges that Grounds 1, 2, 4(B), 4(C), and 5 are unexhausted but

22  argues the claims are technically exhausted as he can demonstrate cause and prejudice

23  under *Martinez v. Ryan*, 566 U.S. 1 (2012), to overcome the procedural default.

24       A federal court need not dismiss a claim on exhaustion grounds if it is clear that the

25  state court would find the claim procedurally barred. *See Castille v. Peoples*, 489 U.S.

26  _____

27       [3]*See also Johnson v. Zenon*, 88 F.3d 828, 830 (9th Cir. 1996) (recognizing that the
     Ninth Circuit's "'essentially the same' standard [was] no longer viable" after the Supreme

28  Court decided *Duncan*).

346, 351 (1989); *see also Dickens v. Ryan*, 740 F.3d 1302, 1317 (9th Cir. 2014) (en banc) ("An unexhausted claim will be procedurally defaulted, if state procedural rules would now bar the petitioner from bringing the claim in state court."). A claim may be considered procedurally defaulted if "it is clear that the state court would hold the claim procedurally barred." *Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002). Where a petitioner has "procedurally defaulted" a claim, federal review is barred unless he "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law." *Coleman*, 501 U.S. at 750.

"Generally, post-conviction counsel's ineffectiveness does not qualify as cause to excuse a procedural default." *Ramirez v. Ryan*, 937 F.3d 1230, 1241 (9th Cir. 2019) (citing *Coleman*, 501 U.S. at 754-55). However, in *Martinez*, the Supreme Court created a narrow exception to the general rule that errors of post-conviction counsel cannot provide cause for a procedural default. *See* 566 U.S. at 16-17. "Under *Martinez*, the procedural default of a substantial claim of ineffective assistance of trial counsel is excused, if state law requires that all claims be brought in the initial collateral review proceeding … and if in that proceeding there was no counsel or counsel was ineffective." *Ramirez*, 937 F.3d at 1241 (citing *Martinez*, 566 U.S. at 17).[4] Nevada law requires prisoners to raise ineffective assistance of counsel ("IAC") claims for the first time in a state petition seeking post-conviction review, which is the initial collateral review proceeding for the purposes of applying the *Martinez* rule. *See Rodney v. Filson*, 916 F.3d 1254, 1259-60 (9th Cir. 2019).

To establish cause and prejudice to excuse the procedural default of a trial-level IAC claim under *Martinez*, a petitioner must show that:

(1) post-conviction counsel performed deficiently; (2) there was a reasonable probability that, absent the deficient performance, the result of the post-conviction proceedings would have been different, and (3) the underlying

---

[4]However, *Martinez* cannot excuse the procedural default of a substantive claim of trial-court error, ineffective assistance of appellate counsel, or "attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts." 566 U.S. at 16-7; *Davila v. Davis,* 137 S. Ct. 2058, 2064 (2017); *see also Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1295 (9th Cir. 2013).

ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit.

*Ramirez*, 937 F.3d at 1242 (internal quotation omitted). The first and second "cause" prongs of the *Martinez* test are derived from *Strickland v. Washington*, 466 U.S. 668 (1984). *See Ramirez*, 937 F.3d at 1241. The Court's determination of the second prong— whether there was a reasonable probability that the result of the post-conviction proceedings would be different—"is necessarily connected to the strength of the argument that trial counsel's assistance was ineffective." *Id.* (quoting *Clabourne v. Ryan*, 745 F.3d 362, 377 (9th Cir. 2014), *overruled on other grounds by McKinney v. Ryan*, 813 F.3d 798, 819 (9th Cir. 2015) (en banc)). The third "prejudice" prong directs courts to assess the merits of the underlying IAC claim. *See id.* A procedural default will not be excused if the underlying IAC claim "is insubstantial," *i.e.*, it lacks merit or is "wholly without factual support." *Id.* (quoting *Martinez*, 566 U.S. at 14-16).

Here, it is clear that Ludwig would face multiple procedural bars if he were to return to state court with his unexhausted claims. *See, e.g.*, NRS 34.726, 34.810. However, Nevada procedural bars can be excused with a showing of cause and prejudice or a fundamental miscarriage of justice (*i.e.*, actual innocence), which are substantially the same as the federal standards. If a petitioner has a potentially viable cause-and-prejudice or actual-innocence argument under the substantially similar federal and state standards, then the petitioner cannot firmly establish that "the state court would hold the claim procedurally barred." *Sandgathe*, 314 F.3d at 376. A different situation is presented, however, where the Nevada courts do not recognize a potential basis to overcome the procedural default arising from the violation of a state procedural rule that is recognized under federal law.

The Nevada Supreme Court does not recognize *Martinez* as cause to overcome a state procedural bar pursuant to Nevada law. *See Brown v. McDaniel*, 331 P.3d 867, 871-75 (Nev. 2014) (en banc). Thus, a Nevada prisoner who relies upon *Martinez*—and only *Martinez*—as a basis for overcoming a state procedural bar on an unexhausted claim can

1   successfully argue that Nevada courts would hold the claim procedurally barred but that
2   he nonetheless has a potentially viable cause-and-prejudice argument under federal law
3   that would not be recognized by Nevada courts when applying state procedural bars.

4        In this case, Ludwig advances *Martinez* alone as the basis for overcoming the
5   default of his claims (ECF No. 31 at 6-19), and Respondents acknowledge this in their
6   reply (ECF No. 36 at 3). The Court therefore reads Ludwig's opposition as conceding that
7   the only basis to excuse the default for his unexhausted IAC claims would be *Martinez*,
8   and grants his request to consider those claims technically exhausted on that basis.

9        Respondents' reply asserts that "the determination of whether a claim is substantial
10  for the purposes of *Martinez* – the prejudice prong – is inextricably interwoven with the
11  merits of the underlying claims." (*Id.*) Because each of Grounds 1, 2, 4(B), 4(C), and 5 are
12  trial-level IAC claims and subject to a *Martinez* cause-and-prejudice analysis, they ask the
13  Court to defer its *Martinez* analysis to the answer stage, and did not provide a substantive
14  response to Ludwig's *Martinez* arguments.

15       To the extent the reply suggests that consideration of *Martinez* cause-and-prejudice
16  questions always requires full merits briefing, the Court disagrees. The Court often—but
17  not always—defers a resolution of the *Martinez* analysis until after the filing of an answer
18  and reply in order to have the benefit a full factual and legal presentation of a petitioner's
19  underlying IAC claims. However, no binding Ninth Circuit precedent *categorically* instructs
20  district courts to defer the *Martinez* analysis to the merits stage. Rather, the *Martinez* test
21  is specifically tailored to weed out implausible and frivolous claims and, in many cases, is
22  capable of completion at the dispositive motion stage. *Cf. Clabourne*, 745 F.3d at 377 ("[I]f
23  the claim of ineffective assistance of trial counsel is *implausible*, then there could not be a
24  reasonable probability that the result of post-conviction proceedings would have been
25  different.") (emphasis added).

26       Respondents' assertion aside, the Court finds that the cause-and-prejudice
27  questions in Grounds 1, 2, 4(B), 4(C), and 5 are necessarily connected to the merits of the
28  claims themselves and will defer a determination on both questions until a merits

1  determination. Accordingly, the Motion is denied without prejudice as to those grounds.

2  Respondents may renew their procedural default arguments in the answer.

3  **IV.    CONCLUSION**

4       It is therefore ordered that Respondents' motion to dismiss (ECF No. 27) is granted

5  in part and denied in part as follows:

6           A.  Grounds 1, 2, 4(B), 4(C), and 5 are technically exhausted, but procedurally

7               defaulted; and

8           B.  Ground 7 is unexhausted.

9       It is further ordered that the Court defers consideration of whether Petitioner Julius

10  Jacob Ludwig can demonstrate cause and prejudice under *Martinez v. Ryan*, 566 U.S. 1

11  (2012), to overcome the procedural default of 1, 2, 4(B), 4(C), and 5 until the time of merits

12  review. Respondents may reassert the procedural default arguments with respect to those

13  claims in their answer.

14       It is further ordered that, within 30 days of the date of this order, Ludwig must either:

15  (1) file a motion to dismiss seeking partial dismissal of only the unexhausted claim (Ground

16  7); (2) file a motion to dismiss the entire petition without prejudice in order to return to state

17  court to dismiss the unexhausted claim (Ground 7); and/or (3) file a motion for other

18  appropriate relief, such as a motion for a stay and abeyance asking this Court to hold his

19  exhausted claims in abeyance while he returns to state court to exhaust the unexhausted

20  claims.

21       Failure to timely comply with this order will result in the dismissal of this mixed

22  petition without further advanced notice.

23       DATED THIS 31st day of July 2020.

24

25       _____

26       MIRANDA M. DU
         CHIEF UNITED STATES DISTRICT JUDGE

27

28